The Honorable Larry Mitchell State Representative Post Office Box 81 Bryant, AR 72022
Dear Representative Mitchell:
This is in response to your request for an opinion regarding the City of Bryant's payment of survivor benefits to the spouse of a deceased mayor. According to the information attached to your request, the mayor received a salary for a position with "Water" and "Street," as well as "Mayor." The city council has questioned whether the retirement benefits should be based upon the salary reflected in the payroll sheet for the position of "Mayor" only, and not upon the other two salaries received from the water department and the street department.
Arkansas Code of 1987 Annotated 24-12-123 (Supp. 1987), which addresses the retirement pay of mayors of cities of the first class, appears to be applicable in this instance.*
This section states: (a)(1) In all cities of the first class in this state, any person who shall serve as mayor of the city for a period of not less than ten (10) years, upon reaching age sixty (60) years, or any person who shall serve as mayor of the city for a period of not less than twenty (20) years, without regard to age, shall be entitled to retire at an annual retirement benefit during the remainder of his natural life, payable at the rate of one-half (1/2) of the salary payable to the mayor at the time of his retirement. (2) The retirement payments shall be paid monthly and shall be paid from the city general fund. (3) However, mayors who have served as an alderman or city employee prior to or after their service as mayor shall count their service as alderman or city employee at the rate of one (1) year for mayor's retirement for each two (2) years served as an alderman or a city employee, with a maximum of an additional two (2) years' credit towards mayor's retirement. (4) The minimum retirement benefits shall be two hundred fifty dollars ($250) per month for both salaried and nonsalaried mayors. (b)(1) On the death of any mayor retired under the provisions of subsection (a) of this section or any other acts of the General Assembly, or any mayor who dies in office after becoming eligible to retire under subsection (a) of this section or any other acts of the General Assembly, the spouse of the mayor married to the mayor for ten (10) years or longer may, at the option of the governing body of the city, receive one-half (1/2) of the retirement benefit the retired mayor was receiving or one-half (1/2) of the retirement benefit the mayor who died in office was entitled to receive. (2) However, upon remarriage of the spouse, the benefits shall cease. (3) The provisions of this subsection are retroactive to November 1, 1983, at the sole discretion of the governing body of the city. (c) Any mayor retired prior to July 20, 1987, and receiving benefits under prior acts of the General Assembly shall be entitled to continue receiving benefits under the prior acts.
It should be initially noted that the language of subsection (a)(3) above, with regard to mayors who have served as city employees "prior to or after their service as mayor", would not appear to be applicable in this instance. The payroll sheets attached to your correspondence indicate that the mayor held positions simultaneously with the water and street departments.
I assume that the mayor died in office after becoming eligible to retire. The spouse in that instance may, at the city council's option, receive one-half of the retirement benefit to which the deceased mayor was entitled. A.C.A. 24-12-123(b)(1) (Supp. 1987). Under subsection (a)(1) of 24-12-123, the annual retirement benefit is calculated ". . . at the rate of one-half (1/2) of the salary payable to the mayor at the time of his retirement." The salary payable to the mayor must therefore be identified.**
The statement is made in correspondence attached to your request that there is no ordinance defining the different salaries. The salary of city officers is, however, generally designated by the city council. A.C.A. 14-43-409. The mayor's salary, as designated by the Bryant city council, may be cited as the proper basis for calculating survivor benefits.
A fact question may remain, however, concerning the duties of the mayor and the salary paid in that regard. The mayor's duties as set forth under state law do not, as a general matter, appear to encompass employment by the water or street department. It is conceivable, however, that the city has in fact imposed other duties upon the mayor.*** Any salary paid for these other duties may, reasonably, be included as part of the "salary payable to the mayor" for purposes of determining retirement benefits.
It becomes apparent that your question involves issues of fact which must be addressed by the city council following a review of the particular circumstances. If the salary reflected in these payroll sheets in fact constitutes compensation for duties required of the mayor by the city, it may be successfully contended that these payments are actually part of his salary as mayor and should be included for retirement purposes.
While we are therefore unable to provide a conclusive response due to the factual nature of your inquiry, we hope that the foregoing offers general guidance in addressing the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
* It is my understanding that the City of Bryant, which operates under the mayor/city council form of government, has not elected to become a participating public employer under the Arkansas Public Employees' Retirement System. A.C.A. 24-4-303.
** If he died following retirement, the spouse, at the city council's option, is entitled to one-half the benefit he was receiving.
*** Under A.C.A. 14-43-504(b)(3), the mayor shall "(p)erform such other duties compatible with the nature of his office as the city council may from time to time require."